UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| V. | ) | NO. 2:16-CV-263 |
| | ) | |
| | ) | |
| HERITAGE GLASS, LLC, | ) | |
| DANIEL VICTOR DAVIS, individually, | ) | |
| And THOMAS ERIC KERNEY, | ) | |
| Individually | ) | |

REPORT AND RECOMMENDATION

This matter has been referred to this Magistrate Judge by order of the District Judge [Doc. 26] for a report and recommendation with respect to the Motions for Default Judgment [Docs. 18 and19] against defendants Heritage Glass, LLC, and Thomas Eric Kerney. On December 1, 2016, the Court entered an order requiring the plaintiff to supplement those Motions with respect to its demand for attorney fees and expenses. Plaintiff has now filed the supplement and the Motions are ripe for decision.

On August 4, 2016, the plaintiff filed a verified complaint [Doc. 1] against defendants Heritage Glass, LLC ["Heritage"], Daniel Victor Davis, and Thomas Eric Kerney. The contents of the verified complaint were sworn to by Peter E. Karney, plaintiff's Claims Expert/Vice President. All defendants were properly served with process [Docs. 5, 6 and 7]. Defendant Daniel Victor Davis answered the complaint, and the case is set for trial as to him on May 15, 2018. This report and recommendation

addresses only the claims against defendants Heritage and Kerney, and the relief requested in the subject Motions.

Defendant Heritage was served with the summons and complaint on August 11, 2016 [Doc. 5]. Defendant Kerney was served on August 17, 2016 [Doc. 7]. Defendants Heritage and Kerney did not answer or otherwise respond to the verified complaint. Also, they did not respond to the requests for default or the present Motions described below despite being served with copies by certified mail.

The verified complaint states that Heritage and Kerney, along with Davis, executed an indemnity agreement [Doc. 1-1] in favor of plaintiff to secure a utility deposit bond [Doc. 1-3] issued by plaintiff in the penal sum of $750,000.00 in favor of American Electric Power/Appalachian Power. The purpose of the utility deposit bond was to secure the payment by Heritage of its bill for electrical power. Subsequently, when Heritage failed to pay its electric bill, American Electric Power/Appalachian Power made a claim to plaintiff on the bond. Plaintiff paid the penal sum of $750,000.00. Plaintiff filed the present action against the defendants, jointly and severally, to recover a judgment for the sum paid by plaintiff to the American Electric Power/Appalachian Power, plus attorney fees and interest.

On September 16, 2016, after Heritage and Kerney failed to answer or otherwise respond to the complaint, the plaintiff applied to the Clerk for entry of default as to each of them [Docs. 9 and 10]. Copies of both documents were sent by certified mail to Heritage and to Kerney. On October 7, 2016, the Clerk entered defaults against Heritage [Doc. 15] and Kerney [Doc. 16]. On October 19, 2016, the plaintiff filed the present

Motions [Docs. 18 and 19]. Each Motion states that "[t]he amount currently due and owing is the liquidated sum of $750.000.00 plus attorney's fees in the amount of $16,069.06 for the total balance in the amount of $766,069.06 plus post judgment interest." [Docs. 18 and 19 at pg. 2]. The Motions also stated that plaintiff was asking for "[a] Final Order of Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of (plaintiff) in the total amount of $766,069.06 plus post judgment interest." *Id.* Copies of both of these documents were sent by certified mail to Heritage and Kerney.

As indicated above, the Court ordered the plaintiff to supplement the Motions to offer a detailed explanation of the $16,069.06 figure, "describing and documenting the attorney fees or other components of that amount." [Doc. 27, pg. 2]. In response, counsel for the plaintiff has provided an affidavit and a detailed summary of the amounts billed by counsel to the plaintiff for work on this matter. As a result of preparing the supplement, counsel discovered that there was a mathematical error, and that the amount of attorney fees actually billed to the plaintiff and sought from Heritage and Kerney in the Motions was $14,774.76 rather than $16,069.06.

Attorney's fees are governed by state law in diversity cases. *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which it is located. *Klaxon Co. v. Stentor Elec. Mgf.*, 313 U.S. 487, 496 (1941). When resolving contract disputes in the absence of a valid forum selection clause, Tennessee adheres to the rule of *lex loci contractus*—"a contract is presumed to be governed by the law of the

3

jurisdiction in which it was executed absent a contrary intent." *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 452 F.3d 666, 672 n. 8 (6th Cir. 2006) (quoting *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)). The parties entered into their contract relationships in Tennessee. As it does not appear that a forum selection clause exists, Tennessee law governs.

Generally, Tennessee follows the "American Rule" that "in absence of a contract, statute, or recognized ground of equity so providing there is no right to have attorney's fees paid by an opposing party in civil litigation." *Hometown Folks, LLC*, 643 F.3d at 533 (quoting *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979)). However, where a contract expressly provides for attorney's fees, "'[t]he parties are entitled to have their contract enforced according to its express terms.'" *Id.* (quoting *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988)). The Tennessee Supreme Court has held that "costs and attorney's fees are recoverable under an express indemnity contract if the language of the agreement is broad enough to cover such expenditures." *Pullman Stnd., Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985).

In the instant matter, the General Indemnity Agreement executed by Heritage and Kerney, in part, that they, jointly and severally, agree to:

> exonerate, hold harmless, and indemnify the Surety [NAS] from and against any and all Loss. For purposes of the Agreement, Loss means any liability, loss, costs, damages, attorneys' fees, consultants' fees; and other expenses, including interest, which the Surety [NAS] may sustain or incur by reason of, or in consequence of, the execution of the Bonds (or any renewals, continuations or extensions). Loss includes but is not limited to the following: (a) sums paid or liabilities incurred in settlement of claims; (b) expenses paid or incurred in connection with the investigation of any claims; (c) sums paid in attempting to procure a release from liability; (d)

expenses paid or incurred in the prosecution or defense of suits; (e) any judgments under the Bonds; (f) expenses paid or incurred in enforcing the terms of this Agreement; (g) sums or expenses paid or liabilities incurred in the performance of any Bonded contract or related obligation; and (h) expenses paid in recovering or attempting to recover losses or expenses paid or incurred. Loss expressly includes attorney fees incurred in defending claims, protecting the Surety's interests in any bankruptcy or insolvency proceeding arranging for the Surety performance of its obligations, evaluating, settling, and pang claims, seeking recovery under the terms of this Agreement from the Indemnitors, and pursuing the Surety's common law rights to seek recovery of losses from others, including third parties.

[Doc. 28, pg. 1-2].

As indicated above, the Indemnity Agreement expressly provides for attorneys' fees under circumstances as those in the instant matter. Accordingly, Plaintiff is entitled to seek attorneys' fees under Tennessee law.

Based upon the verified complaint and other filings described above the undersigned finds:

1. That neither Heritage nor Kerney have responded to the complaint, the requests for default, or the present Motions for Default Judgement despite being served with each of these documents.

2. That the plaintiff is entitled to a default judgment against Heritage and against Kerney.

3. That Heritage and Kerney, under the terms of the indemnity agreement, are liable to plaintiff, jointly and severally, in the amount of $750,000.00, along with $14,774.76 in attorney fees plus post judgment interest.

4. With respect to the amount of attorney fees, the undersigned, after reviewing the detailed accounting of services rendered and hours billed, finds them to be reasonable and just.

Accordingly, it is RESPECTFULLY RECOMMENDED, that the Court enter a final judgment under Rule 58 of the Federal Rules of Civil Procedure in favor of plaintiff against defendants Heritage and Kerney, jointly and severally, in the total amount of $764,774.76, and for post judgment interest.[1]

Respectfully submitted:

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).